This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                              **No. 36,161**

**ADAM PORRAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**J.C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Adam Porras appeals from the district court's order revoking his probation. This Court issued a notice of proposed disposition in which we proposed

to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}   In his memorandum in opposition, Defendant continues to argue that the district erred in failing to hold his adjudicatory hearing on the petition to revoke his probation within the time limit imposed by Rule 5-805(H) NMRA (Issue 1), and he was denied due process based on the delay of almost eleven months between his arrest and the matter being brought before the district court for final disposition (Issue 2). [MIO 1-2; *see also* DS unpaginated 4]

{3}   **Issue 1:** As discussed in our notice of proposed disposition, even if we were to agree with Defendant that his adjudicatory hearing was held seventy days after his initial hearing in violation of Rule 5-805(H), this violation did not require the district court to dismiss the petition to revoke his probation. [*See* CN 2-4] *See id.* ("The adjudicatory hearing shall commence no later than sixty (60) days after the initial hearing is conducted."). *But see* Rule 5-805(L) ("[T]he court *may* dismiss the motion to revoke probation for violating any of the time limits in this rule." (emphasis added)).

{4}   **Issue 2:** As discussed in our notice of proposed disposition, "in order to establish a violation of due process, a defendant must show prejudice." *State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935. [*See* CN 4] We note that

Defendant "contends that he was prejudiced by the delay in this case because he was held in detention, mostly in the county jail, for the entire duration of the delay" [MIO 2]; however, this assertion, without more, is not sufficient to establish prejudice. *See In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{5}     Accordingly, we affirm the revocation of Defendant's probation.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**HENRY M. BOHNHOFF, Judge**